UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL BARTLETT,

        Plaintiff,                      Case No. 1:18-cv-135

v.                                                Hon. Paul L. Maloney

LAURA JOUSMA *et al*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a an action brought by *pro se* plaintiff Angel Bartlett against the following defendants: Laura Jousma; Alexa Sorensen; Paul Klein; Janice Lovett; Lorrain Pope; and, Michael Baker. *See* Compl. (ECF No. 1). For the reasons discussed below, this matter should be dismissed.

**I.    Discussion**

Plaintiff Angel Bartlett has filed a number of lawsuits in this Court since June 2017.[1] Like her other complaints filed in this Court, plaintiff's present complaint is rambling, quite difficult to follow, and makes little sense. Plaintiff alleged, among other things: that "DHS – Janice Lovett, CASA, Lorrain Pope" told lies, including that "I texted Lorrain messages saying I was going to harm DHS"; that these lies placed plaintiff "under severe attacks and ordered in a bad place"; that her "kids were being harmed by a framer in the military" which put them "in a

---

[1] Since June 2017, plaintiff has filed 12 lawsuits in this Court. *See Bartlett v. Michigan et al.*, 1:17-cv-565; *Bartlett v. Allegan et al.*, 1:17-cv-1137; *Bartlett v. Borgess Hospital et al.*, 1:17-cv-1138; *Bartlett v. Federal Bureau of Investigation et al.*, 1:17-cv-1148; *Bartlett v. Gorslitz et al.*, 1:18-cv-94; *Bartlett v. Jousma et al.* (this case); *Bartlett v. Drug Enforcement Agency, et al.*, 1:18-cv-157; *Bartlett v. Allegan County Court et al.*, 1:18-cv-183; *Bartlett v. Kalamazoo CMH et al.*, 1:18-cv-184; *Bartlett v. Buck et al.*, 1:18-cv-237; *Bartlett v. Kalamazoo Probate Court et al.*, 1:18-cv-363; and, *Bartlett v. Community Mental Health Allegan et al.*, 1:18-cv-411. As of the date of this report, the Court dismissed seven of those actions for failure to state a claim or lack of jurisdiction (1:17-cv-506, 1:17-cv-1137, 1:17-cv-1148, 1:18-cv-94, 1:18-cv-184, 1:18-cv-237, and 1:18-cv-411), and recommendations to dismiss are pending on three other actions (1:17-cv-1138, 1:18-cv-183, and 1:18-cv-363).

bad place as molested or abused children"; that plaintiff is "trying to correct their lives"; that she has charges under M.C.L. § 722.638 ["Petition for authorization under § 712A.2; conditions; request for termination of parental rights; conference"] which she is trying to get removed on appeal; that "whoever keeps framing me as a molester it harms my child" and "whoever is doing it must be stopped"; that "Paul Klein did not represent my correctly"; and that "Janice was on a rampage and she stil[l] holds everything on me and will not resolve the issues."  Compl. at PageID.1-3.  Since filing her complaint, plaintiff has filed over 800 pages of papers in this action, including a "brief" and multiple "supplements" and "exhibits."  *See* ECF Nos. 6, 7, 8,  9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27 and 28.[2]  Plaintiff's "brief" lists a number of federal civil and criminal statutes, state rules of evidence, and state statutes, as well as over four dozen individuals who appear to have been involved in plaintiff's life.  *See* Brief (ECF No. 4, PageID.32-37).

Plaintiff's complaint should be dismissed for lack of jurisdiction.  "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  It is well-established that this Court has a duty to read a *pro se* plaintiff's complaint indulgently.  *See  Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987).  Here, however, even the most liberal reading of plaintiff's allegations cannot be construed as setting forth a cause of

---

[2] The Court notes that some of these exhibits indicate ongoing state court proceedings.  *See, e.g.*, February 27, 2018 motion transcript from a case in the 9th Judicial Circuit for Kalamazoo County, *Angel Bartlett v. State of Michigan Department of Regulatory Affairs*, No. 2017-0406AA (ECF No. 11-1, PageID.263); and, filing in Michigan Court of Appeals case of *Angel Bartlett v. Department of Licensing and Regulatory Affairs et al.*, No. 342752 (May 9, 2018), stating in part that Borgess [Hospital] "had orders out on her from CMH [Community Mental Health]," that "CMH also were placing orders to attack Angel as well," and that "[a]ll of which were wrongful and an attempt to Assassinate Angel for no reason."  *See* Supplement (ECF No. 23, PageID.673).

action against the six defendants. The vague, attenuated, unsubstantial and implausible allegations set forth in plaintiff's complaint are insufficient to establish subject matter jurisdiction in this court.

Furthermore, the gist of plaintiff's complaint (like some of the other complaints she has filed in this Court), is that her parental rights were improperly terminated by the state courts. Plaintiff's claim is a state law matter over which this Court cannot exercise jurisdiction. *See, e.g., Baker v. Wayne County Family Independence Agency*, 75 Fed. Appx. 501, 502-03 (6th Cir. Sept. 19, 2003) (where plaintiff asserts in federal court that "the state probate court erred by terminating his parental and visitation rights" the "Rooker-Feldman doctrine prevents federal courts from engaging in such collateral review of state court decisions"). It is appropriate to dismiss a case under Fed. R. Civ. P. 12(b)(1) where the district court lacks jurisdiction over the only claim decipherable from the pleadings. *Russell v. Garrard*, 83 Fed. Appx. 781, 782 (6th Cir. 2003) Accordingly, plaintiff's complaint should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II. RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

I further recommend that plaintiff be denied the privilege of proceeding *in forma pauperis* in any future lawsuits she files in this Court.

Dated: June 11, 2018          /s/ Ray Kent
                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).